Affirmed and Memorandum Opinion filed July 19, 2005









Affirmed and Memorandum Opinion filed July 19, 2005.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01326-CR

_______________

 

ROY ANTHONY RAMOS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal
Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1174132

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

 








Roy Anthony Ramos appeals a conviction for marijuana  possession[1]
on the ground that the trial court erred in denying his motion to suppress
evidence that was obtained in an unlawful search of his apartment conducted
before appellant had consented to any search or been arrested.  However, because there was evidence that the
marijuana was in plain view of the officers after appellant consented to their
entry into his apartment, it was within the trial court=s discretion to
deny the motion to suppress.[2]  Accordingly, appellant=s sole issue is
overruled and the judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

 

Judgment rendered
and Memorandum Opinion filed July 19, 2005.

Panel consists of
Justices Edelman, Guzman, and Murphy.[3]

Do not publish C Tex.
R. App. P. 47.2(b).

 











[1]           Appellant entered a guilty plea,
and the trial court assessed punishment at 15 days confinement.

 





[2]           In reviewing a trial court=s ruling on a motion to suppress,
we afford almost total deference to any determination of historical facts based
on an evaluation of the credibility and demeanor of witnesses. Masterson v.
State, 155 S.W.3d 167, 170 (Tex. Crim. App. 2005).  Under
the plain view doctrine, evidence is not illegally obtained by police officers
if: (1) they have a right to be where they are when they see it: and (2) it is
immediately apparent that there is probable cause to associate the item with
criminal activity.  Walter v. State,
28 S.W.3d 538, 541 (Tex. Crim. App. 2000).





[3]           Senior
Chief Justice Paul C. Murphy sitting by assignment.